911 F.2d 723
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Margaret PERRY, Guardian of Lemuel Lionel Perry and Margaret
Perry, Plaintiff-Appellant,
v.
TOMAHAWK MOTEL, INCORPORATED, Craig B. Vaughan Company,
Incorporated, Defendants-Appellees,
and
Samuel Vaughan, Jo-Pa Company and Olin Corporation, Defendants.
 No. 89-1565.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1990.
Decided Aug. 1, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. James C. Fox, District Judge. (CA-87-41-2-CIV)
 Joseph Henry Thomas, Jr., Joseph H. Thomas, Jr. and Associates, Baltimore, Md., for appellant.
 Ronald Graham Baker, Baker, Jenkins & Jones, P.A., Ahoskie, N.C., for appellees.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The case involves a tragically unfortunate occurrence by which the plaintiff was cruelly injured while swimming in a motel swimming pool. He was registered with his church group at the motel. He sank to the bottom of the pool and was rendered unconscious. He has never regained consciousness. The case reached the point, following discovery, where a summary judgment was asked for by the Tomahawk Motel.
 
 
 2
 In a thorough opinion, in the United States District Court for the Eastern District of North Carolina, No. 87-41-CIV-2, the district court comprehensively considered whether the plaintiff had produced sufficient evidence to raise a question of genuine fact on the issue of causation. Duties to provide lifeguards, to supply physical aids to assist in rescue, to notify promptly an ambulance and the adequacy of the help actually provided to the plaintiff were all subjects before the district court. It has demonstrated satisfactorily why there was no factual issue justifying a denial of summary judgment in Tomahawk's favor. Hence we affirm on the opinion of the district court.
 
 
 3
 AFFIRMED.